IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANTON S. KREMSKY | : CIVIL ACTION |
| | : |
| v. | : NO. 16-4474 |
| | : |
| KENNETH F. KREMSKY | : |

MEMORANDUM

**KEARNEY, J.**                                                                                                              **January 3, 2017**

Over twenty-five years ago, the Supreme Court amended the Federal Rules of Civil Procedure to allow attorneys to issue court orders known as subpoenas compelling third parties to produce documents without a Court's pre-approval. Given the significant power permitted in compelling third parties to produce often sensitive financial information, the Rules of Civil Procedure require the attorney issuing the subpoena provide <u>prior, not contemporaneous,</u> notice to opposing parties before serving the subpoena. With this key protection, opposing parties can timely seek judicial relief before a third party quickly responds. Litigation by ambush, while easier in the short term, only multiplies proceedings and may require uncomfortable disclosures to clients when fees and costs relating to two subpoenas seeking the same information are billed. As always, it is simply easier to follow the Rules of Civil Procedure. When, as here, a party does not do so by serving his adversary two days after serving the third parties, we grant a motion to quash the improperly issued subpoena without prejudice.

## I. Facts

Stanton Kremsky alleges his nephew Kenneth Kremsky breached fiduciary duties and committed fraudulent and negligent misrepresentation and conversion while managing his uncle's financial, real estate, and precious metal investments.

On October 5, 2016, we held a Rule 16 pre-trial conference and entered a scheduling order setting a December 16, 2016 discovery deadline.[1] On December 8, 2016, Plaintiff moved to extend discovery, the settlement conference, and dispositive motion deadlines.[2] On December 9, 2016, we extended the discovery deadline to January 16, 2017.[3]

While simultaneously moving to extend discovery on December 8, 2016, Plaintiff also served subpoenas for the Defendant's financial records from casinos and banks: TD Bank, Bank of America, Parx Casino, SugarHouse Casino, Sands Casino, Ballys Casino, Borgata Casino, Caesars Casino, Golden Nugget Casino, Harrah's Casino, Resorts Casino, Tropicana Casino, Citibank, Citizen's Bank.[4] Plaintiff's counsel Norman W. Briggs, Esq. and Adrienne Chapman, Esq. failed to provide Defendant with notice of these fourteen subpoenas although they filed a discovery extension motion with notice the same day.

After 2:00 A.M. on December 10, 2016, Attorneys Briggs and Chapman emailed the fourteen December 8, 2016 subpoenas to Defendant's counsel with no explanation.[5] Defendant's counsel demanded Plaintiff clawback the subpoenas because Plaintiff served the subpoenas on December 8, 2016, two days before Plaintiff gave notice of the subpoenas. Plaintiff refused to do so. When we required Attorneys Briggs and Chapman to file a certification explaining their conduct, they affixed blame on their paralegal who deviated from office policy which requires notice to opposing counsel after the courier picked up the subpoenas for service.

## II. Analysis

Defendant moves to quash the fourteen subpoenas arguing Attorneys Briggs and Chapman violated Fed. R. Civ. P. 45(a)(4)'s prior notice requirement. We grant the Defendant's motion in the accompanying Order but do not find the bad faith or egregious disregard necessary for monetary sanctions.

The Supreme Court, through the 1991 Amendments to Fed.R.Civ.P. 45, trusted attorneys as officers of the Court to issue subpoenas. This change made life easier for attorneys but it also granted attorneys access to the power of the Court and with it the attendant responsibility and liabilities.[6] "The risks attached to the misuse of the subpoena power are great. Under this delegation of public power, an attorney is licensed to access, through a non-party with no interest to object, the most personal and sensitive information about a party."[7]

When an attorney signs and issues a subpoena, he or she assumes the liability and responsibilities for misuse of the Court's subpoena power.[8] A supervising attorney assumes the liability and responsibilities for his or her subordinate attorney's and paralegal's violations and an attorney "cannot escape liability for this abuse of process by pointing to the inexperience of a subordinate."[9]

Fed. R. Civ. P. 45(a)(4) requires a party serving a non-party subpoena to provide prior notice and a copy of the subpoena to all parties.[10] "The term 'prior notice' means notice prior to service of the subpoena on the non-party, rather than prior to document production.[11] "By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information *prior* to its disclosure....Moreover, the injury resulting from attorney misuse of the subpoena power is

not limited to the harm it inflicts upon the parties. Rather, misuse of the subpoena power also compromises the integrity of the court's processes."[12]

"Courts generally respond to Rule 45(b)(1) violations by striking the subpoenas or allowing opposing counsel an opportunity to object."[13] We note some district courts review whether a party is prejudiced from the lack of notice when deciding to quash a subpoena.[14] We recognize, as of today, no subpoenaed party produced responsive documents. As such, Defendant's counsel timely moved to quash and we are able to timely review and act.

While we understand a lack of prejudice has some role in measuring the sanction, we cannot permit lawyers to issues subpoenas without prior notice to obtain information under the invalid use of judicial authority. While we are not aware of responsive document production, we can (as we are not so far removed from the practice of law) appreciate the agita and immediate steps necessary when an opposing counsel discovers a third party has been subpoenaed without his knowledge. The Rules are specifically designed to avoid this harm, including Fed.R.Civ.P. 1's mandate upon both lawyers and judges "to secure the just, speedy, and inexpensive determination" of this family dispute. Judge Robreno aptly explained why the "no harm, no foul" defense to misuse of subpoena power is not limited to the party lacking prior notice to object but harms the public at large.[15] "Rather, misuse of the subpoena power also compromises the integrity of the court's processes. Under Rule 45, an attorney, as an officer of the court, is delegated the power to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger....When the power is misused, public confidence in the integrity of the judicial process is eroded."[16]

Simultaneous with seeking a discovery extension, Attorney Briggs issued fourteen non-party subpoenas. His office policy is to provide notice after the courier picks up the subpoena

4

for service. We cannot discern a reason, other than gamesmanship and fear of immediate quashal, why Attorney Briggs' office policy delays notice until after the courier leaves his office. If his discovery request complies with the Rules, why cut it so close?[17] In any event, Attorneys Briggs and Chapman admit they did not provide prior notice to Defendant's attorneys. Instead, Attorney Chapman sent two emails after 2:00 A.M. on December 10, 2016 finally providing notice, two days after the non-parties were served. When we demanded a written certification explaining their conduct, Attorney Briggs and Chapman swore they mistakenly believed their paralegal forwarded the subpoenas to Plaintiff's counsel and only realized their error at 2:00 A.M. on December 10, 2016. We have no evidence as to how they came to revelation in the wee hours, but urge them to adapt their service policy after this clarion Order giving them specific notice.

We give Plaintiff's counsel credit for the prompt remediation upon realizing their error. We do not find Attorneys Briggs or Chapman acted in bad faith or egregiously and we do not sanction them or award attorney's fees.[18] However, as officers of this Court, Attorney Briggs and Chapman failed to comply with Fed. R. Civ. P. 45(a)(4) requirement of prior notice to opposing counsel before serving subpoenas on non-parties. As supervising attorneys of their paralegal, both attorneys assume the liability and responsibilities for their paralegal's violations of Fed R. Civ. P. 45(a)(4).[19] Attorney Briggs and Chapman's failure to comply with Fed. R. Civ. P. 45(a)(4) harmed both the parties and the public. In the accompanying Order, we quash the fourteen subpoenas served on December 8, 2016 without prejudice to timely serve proportional discovery requests.

## III. Conclusion

Attorneys Briggs and Chapman violated a well-known rule of civil procedure rooted in the extraordinary delegation of judicial power to members of the Bar of this Court. As the lawyers conceded at oral argument, they know better and made a mistake. Their error caused Defendant to immediately seek relief before any further harm. We do not excuse their conduct simply because the third parties did not answer the subpoena yet. As a balanced measure, we quash the fourteen invalid subpoenas in the accompanying Order.

---

[1] ECF Doc. No. 14.

[2] ECF Doc. No. 22.

[3] ECF Doc. No. 23.

[4] ECF Doc. No. 25-2.

[5] ECF Doc. No. 25-3 at 4.

[6] The Committee Notes to the 1991 Amendments warn "[n]ecessarily accompanying the evolution of this power of the lawyer as officer of the court is the development of increased responsibility and liability for the misuse of this power."

[7] *Spencer v. Steinman*, 179 F.R.D. 484, 488 (E.D. Pa. 1998), *order vacated in part on reconsideration*, No. 96-1792, 1999 WL 33957391 (E.D. Pa. Feb. 26, 1999)(internal citations omitted).

[8] *See id.*

[9] *Id.* at 489 (*citing Attorney Grievance Comm'n v. Goldberg*, 441 A.2d 338 (1982)("An attorney may not escape responsibility…by blithely saying that any shortcoming are solely the fault of his employees").

[10] The 2013 Amendments moved the former Fed. R. Civ. P. 45(b)(1) to Fed. R. Civ. P. 45(a)(4) but did not change the notice discussed in pre-2013 Amendment caselaw.

[11] *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010)(*citing McCurdy v. Wedgewood Capital Mgmt. Co.*, No. 97–4304, 1998 WL 964185, at *6 (E.D.Pa. Nov.16, 1998) and *Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 666

(D.Kan.1998) , *on reconsideration*, No. 98-2031, 1998 WL 919126 (D. Kan. Nov. 6, 1998), and *aff'd sub nom. Butler v. Biocore Med. Techs., Inc.*, 348 F. 3d 1163 (10th Cir. 2003)).

[12] *Spencer*, 179 F.R.D. at 489.

[13] *Biocore*, 181 F.R.D. at 668 (*citing United States v. Santiago-Lugo*, 904 F. Supp. 43, 47 (D.P.R. 1995) and *Callahan v. Riggers & Erectors, Inc.*, 149 F.R.D. 519, 520 (D.V.I. 1992)).

[14] *See e.g., Pagan-Colon v. Walgreens of San Patricio, Inc.*, 264 F.R.D. 25, 28 (D.P.R.2010)(plaintiff's counsel served subpoenas and did not notify defense counsel until seven months later. The court found plaintiff's counsel violated Rule 45, however, it denied defense's request to exclude the produced documents because "[e]ven if notice had been given before the subpoena was served, it would not have prevented plaintiffs from obtaining the documents they sought from the [non-party] since the defendant would have objected to the request on the same substantive basis as it does now").

[15] *Spencer*, 179 F.R.D. at 489.

[16] *Id.*

[17] Attorneys Briggs and Chapman are members of the Pennsylvania Bar. The Pennsylvania Supreme Court takes a different approach by requiring an attorney seeking records from a third party to provide advance notice before serving the subpoena. Pa.R.Civ.P. 4009.21. At a minimum, we would expect Attorneys Briggs and Chapman to be aware of this requirement in state practice and instruct their paralegals as to appropriate notice under either Federal or Pennsylvania practice.

[18] *See e.g., Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d 788, 795 (E.D. Pa. 2012)( award of attorneys fee but not sanctions against a counsel who sent an advice letter to subpoenaed non-party instead of objecting the subpoena under Rule 45); *Coleman-Hill*, 271 F.R.D. at 552 (award of attorneys' fees and admonished counsel for directly subpoenaing an employee of the school district when counsel knew about employment and the employee produced documents including privileged documents without contacting the school district or its attorneys).

[19] *Spencer*, 179 F.R.D. at 489.