**EXHIBIT A**



## FORENSIC ACCOUNTANTS

MATSON DRISCOLL & DAMICO LLP
CERTIFIED PUBLIC ACCOUNTANTS

399 Market Street, Suite 300 • Philadelphia, PA 19106
T 215.238.1919  F 215.238.9138  W mdd.com

December 30, 2016

Mr. Norm Briggs
Ms. Adrienne Chapman
The Briggs Law Firm
400 Market Street
Suite 730
Philadelphia, PA 19106

   Re: Kremsky v. Kremsky
      United States District Court For the Eastern District of Pennsylvania
      Civil Case No.: 16-04474

Counselors:

In accordance with your request, we have undertaken an analysis of certain accounting records and other pertinent data of Dr. Stanton Kremsky and Kenneth Kremsky in evaluation of the misappropriation of funds that is alleged by Dr. Kremsky.

The schedules accompanying this report present our preliminary findings. This report is designed solely to assist you in evaluating the allegations and, as such, is not to be used for any other purpose.

### Background

Dr. Stanton Kremsky is a radiologist in Huntington Beach, California. Kenneth Frank Kremsky is an accountant for Mondelez International in East Hanover, New Jersey. Dr. Kremsky is an Uncle to Kenneth.

Dr. Kremsky alleges that Kenneth misappropriated assets and/or funds from certain bank and investment accounts that were owned by Dr. Kremsky or jointly held accounts of Dr. Kremsky and Kenneth Kremsky.

Kenneth Kremsky has testified that he began assisting Dr. Kremsky with investments dating back to 2006.[1] According to Kenneth Kremsky, they were investing in precious metals, securities, options, real estate, and rare or antique alcohol. Based on the testimony, Kenneth was given full authority to purchase real estate and make investments on behalf of Dr. Kremsky.

---

[1] Kenneth Kremsky deposition page 19.

## MDD Instructions

Per your instructions, MDD was retained to review certain bank records, brokerage accounts, real estate transactions, and precious metals inventories to assist counsel in determining the amount of misappropriated assets and/or funds by Kenneth Kremsky. In addition, MDD will comment on the records provided to date and the records that are necessary to provide a complete and full accounting of the funds that were misappropriated.

## Documents Received and Reviewed

MDD has reviewed the following documents and/or information that was provided to us by plaintiff's counsel.

1. Deposition of Kenneth Kremsky taken on November 17, 2016 and corresponding Exhibits
2. Complaint
3. Plaintiff's Demand Letter
4. Plaintiff's Response to Defendant's First Request for Production, including documents Bates stamped P00001-P01574
5. Plaintiff's Response to Defendant's Interrogatories
6. Defendant's Document Production Bates Stamp Numbers KK0001 through KK00678)
7. Defendant's Initial Disclosures
8. Defendant's Response to Request for Admission
9. Defendant's Response to Request for Production
10. Defendant's Response to Interrogatories
11. Text Messages between Kenneth and Stanton Kremsky
12. Email correspondence between Kenneth and Stanton Kremsky
13. Monthly Statements for Stanton Kremsky's Bank of America Account #2199 (November 2010 & March 2012)
14. Monthly Statements for SSK MD's Chase Account #3002 (June – July 2015)
15. Monthly Statements for Stanton Kremsky's Chase Account #3670 (January 2014 – March 2015)
16. Monthly Statements for Stanton Kremsky's Chase Account #9861 (January 2014 – March 2015)
17. Monthly Statements for SSK MD's Chase Account #7160 (August 2012 – December 2015)
18. Monthly Statements for SSK MD's Chase Account #8320 (August 2012 – December 2015)
19. Monthly Statements for Stanton Kremsky's Everbank Account #0459 (August 2014 – December 2015)
20. Quarterly Statements for Stanton Kremsky's Everbank Account #0459 (December 2009 – December 2013)
21. Monthly Statements for Stanton and Kenneth Kremsky's Everbank Account #5118 (August 2009 – December 2013 & August 2014 – December 2015)
22. Monthly Statements for Stanton Kremsky's Wells Fargo #6582 (July 2012)



23. Monthly Statements for Stanton Kremsky's Wells Fargo #5846 (August 2012)
24. Monthly Statements for Stanton Kremsky's Wells Fargo #1117 (November 2012)
25. Monthly Investment Account Statements for Stanton Kremsky's Ameritrade Account #6024 (January 2014 – February 2016)
26. Monthly Investment Account Statements for Stanton and Kenneth Kremsky's Ironbeam Account #7999 (January 2014 – June 2015, & August 2015 - February 2016)
27. Timelines as produced by the parties and/or Counsel (some or all of which are part of the discovery disclosures)
28. Sansom Coin Exchange appraisal for Briggs Law Office
29. HUD statements/Real Estate purchases
    a. Produced via Atlantic City County Clerk Office
    b. Produced via Plaintiff (fax documents)
    c. Trident Land Documents

## Documents Received but Currently Under Review

1. Monthly Statements for Kenneth Kremsky's Chase Account #5271
2. Ironbeam Account #7999 address change, 1099s, and email correspondence
3. Monthly Statements for Stanton and Kenneth Kremsky's Everbank Account #5118 (January 2014 - July 2014, & January 2016 - October 2016)
4. Monthly Statements for Stanton and Kenneth Kremsky's Everbank Account #0459 (September 2014 – December 2014, & February 2016)
5. Quarterly Statements for Stanton and Kenneth Kremsky's Everbank Account #0459 (March 2014 – June 2014, & March – June 2016)
6. User Sign-On Reports
7. Appex.com Payment
8. Order Summary Reports
9. Precious Metal Invoice
10. Huntingdon National Bank, Liberty Coin Galleries appraisal dated 8/9/10, Everbank applications.

## Documents Required

There are many documents of Kenneth Kremsky requested by plaintiff's counsel. From an accounting perspective, MDD requires the following documents in order to more completely ascertain what Kenneth Kremsky did with any misappropriated funds.[2] Based on our review of the documents provided to date (listed above), the following documentation and/or information is necessary to attempt to confirm what Kenneth Kremsky did with the funds that were misappropriated.

1. Inventory of the rare alcohol.

---

[2] Early on in MDD's involvement, we prepared an affidavit documenting some of the requests that are necessary to confirm Kenneth Kremsky's testimony and to document that his expenditures were for the joint benefit of Dr. Kremsky and Kenneth Kremsky.



2. All inventories of coins/precious metals and current market value held by Kenneth and/or Dr. Kremsky
3. Tax returns that document the real estate income and expenses. Schedule E of Kenneth Kremsky's tax return should document the income and expenses. Once the corporation HG Kremsky Real Estate was set up, the corporate tax returns are necessary.
4. All receipts documenting the repairs to the condos.
5. All permits taken out to make repairs to the condos.
6. All bank accounts including deposit slips and cancelled checks for Kenneth Kremsky and all alias' for 2010 through 2016.
7. All bank accounts held in the name of Kenneth Kremsky's wife and children.
8. All receipts documenting the transactions for purchasing and selling precious metals.
9. Receipts and any other documentation supporting every transaction involving Kenneth Kremsky as listed in our report.
10. Loan amortization statements for all outstanding loans and lines of credit.
11. All loan applications submitted to banks detailing Kenneth Kremsky's assets and net worth.
12. Bank Statements for Harris Trust accounts

## MDD Analysis to date – Bank and Investment Accounts

Mr. Kremsky's testimony is vague on specifics as to what he did with the funds that were diverted to his accounts. Kenneth Kremsky is an accountant by trade. Accountants keep records that document the movement of money and assets. Dr. Kremsky trusted Kenneth Kremsky to take care of his assets as he worked toward retirement. Kenneth Kremsky has a duty to document expenditures that were made out of the joint accounts and provide Dr. Kremsky with a full accounting record of his assets. As shown in the chart below, we have summarized the potential misappropriated funds into five categories:

| Description | Sch Ref | Kenneth Kremsky Apparent Misappropriations | Other Possible Misappropriations |
|---|---|---|---|
| Transfers, Checks, Purchases to Ken Kremsky & Family | 2 | $ 263,318 | $ - |
| ATM Withdraws | 3 | 37,917 | 7,237 |
| Rare Alcohol Purchases | 4 | 44,652 | |
| Unknown Withdraws, Checks and Purchases | 5 | | 489,618 |
| Credit Cards and ACH Payment Details | 6 | | 384,275 |
| Total | | $ 345,886 | $ 881,131 |



The transactions that specifically involve Kenneth Kremsky are further broken down into additional categories as detailed on Schedules 2, 3 and 4. In the following paragraphs we discuss some of the apparent misappropriations.

<u>Transfers, Checks, Purchases Related to Kenneth Kremsky and Family</u>

As shown on Schedule 2, we have detailed all of the transfers, checks and purchases related to Kenneth Kremsky and his family totaling $263,318. There were some patterns that have developed when we reviewed all of the bank accounts, specifically the transfers. Our overall bank account analysis is included in Exhibit 1. On a regular basis amounts are transferred from Chase #7160 to Everbank #5118. Shortly after that transfer, there is a transfer from Everbank #5118 to Everbank #0459. After the cash is moved to Everbank #0459, there are checks written to Kenneth Kremsky, his family and other withdraws that appear to be paying bills.[3] It appears that Kenneth Kremsky had primary control over the Everbank #0459 account because the majority of the checks were written by him. This account received deposits primarily from other joint bank accounts. Unlike other accounts reviewed, there were few transfers out to other accounts. The multiple transfers with no apparent reason indicates that Kenneth Kremsky was attempting to mislead persons that were reconciling the bank accounts.

The detail on Schedule 2 demonstrates a number of items of note. Check #1141 was written to Ken Kremsky's daughter, Emmaline Kremsky, for $30,000. According to testimony by Ken Kremsky, he wrote the check to his daughter in an effort to cover up a real estate purchase. There is no corresponding deposit documenting the return of funds to the bank accounts owned by Dr. Kremsky; however, the testimony says it was returned to Dr. Kremsky's accounts.[4]

There are two checks written that benefited Kenneth Kremsky's son, Grant. Check #136 was written to Grant in the amount of $9,000. Check #1142 for $1,500 was written to Unique Music Entertainment which is a music DJ type company.

Check #145 was written to Ken Kremsky in the amount of $45,000. The memo of the check indicates that the purchase was for Condo B123. This is not a condo that is shared with Dr. Kremsky.

All of the checks and transfers in this section of our report were signed off on by Kenneth Kremsky and he or his family were the beneficiary. In addition, there is a significant quantity of Visa purchases (debit card type) that appear to be for Kenneth Kremsky. We identified these purchases as misappropriations because they occurred in Eastern Pennsylvania and New Jersey area where Kenneth Kremsky lives. Dr. Kremsky lives in California so the likelihood that the purchases are his are remote.

---

[3] Bills that were paid from the Everbank #0459 account are detailed on Schedules 6 and 6A. Because we cannot completely confirm that Kenneth Kremsky was the beneficiary of these expenditures, we are classifying these expenditures as unknown at this time.
[4] Kenneth Kremsky deposition pages 281 – 285.



ATM Withdraws

ATM withdraws from the various bank accounts total $49,153 as shown on Schedule 3. Based on the location of the ATM withdraw, we have been able to determine that $37,917 of withdraws are likely by Kenneth Kremsky. There is limited testimony by Kenneth Kremsky in regards to these transactions. There was testimony that he would make repairs to the alleged jointly owned condos, although to date Kenneth Kremsky has not supported that any repair cost was actually incurred. Below is a chart detailing the questionable ATM transactions that involve Kenneth Kremsky:

|  | Everbank #5118 | |
|---|---|---|
|  | 2014 | 2015 |
| January | $ - | $ (4,626) |
| February | - | (3,320) |
| March | - | (1,607) |
| April | - | (704) |
| May | - | (2,420) |
| June | - | (1,316) |
| July | - | (1,214) |
| August | (2,512) | (406) |
| September | (2,114) | - |
| October | (7,238) | - |
| November | (6,926) | - |
| December | (3,514) | - |
| Total | $ (22,303) | $ (15,614) |
| Grand Total |  | $ (37,917) |

As also shown on Schedule 3, there are ATM withdraws that appear to be Dr. Kremsky's and other withdraws were we are unable to make a determination because they took place in Florida and New Orleans. It appears that the Florida withdraws were made during a spring training trip which may have included both Dr. Kremsky and Kenneth Kremsky based on the text messages.

Rare Alcohol Purchases

There are expenditures totaling $44,652 for "rare" liquor that was purchased out of the Everbank accounts #5118 and #0459. The Everbank accounts are joint accounts for Dr. Kremsky and Kenneth Kremsky. It is our understanding that Dr. Kremsky does not have the liquor in his possession. Kenneth Kremsky has not turned over the rare liquor over plaintiff's counsel although he testified that he transferred Dr. Kremsky's share of the rare alcohol to him. Kenneth Kremsky has not provided any evidence that the rare liquor was transferred to Dr. Kremsky.



Unknown Withdraws, Checks and Purchases

Schedule 5 details a significant amount of expenditures where MDD does not have enough information to identify whether Kenneth Kremsky has any involvement.

However, there are a significant number of Everbank account checks and online payments that occur in similar time periods as the ATM withdraws and the liquor purchases. Because Kenneth Kremsky wrote the majority of the checks out of the Everbank accounts (MDD found one check where it appeared that Dr. Kremsky signed), we felt it appropriate to include them in our analysis and classify them as currently unknown. Dr. Kremsky may be able to assist in classifying these withdraws as personal expenses or expenses that he is not responsible for.

Credit Cards and ACH Payment Details

Schedules 6 and 6A detail a significant amount of Credit Card and ACH expenditures where MDD does not have enough information to identify whether Kenneth Kremsky has any involvement.

However, there are a significant number of Everbank account credit card and ACH payments that occur in similar time periods as the ATM withdraws and the liquor purchases. As previously discussed, Kenneth Kremsky wrote the majority of the checks out of the Everbank accounts. Dr. Kremsky may be able to assist in classifying these credit card and ACH payments as personal expenses or expenses that he is not responsible for.

We also prepared Schedule 6-A which summarizes the expenditures by type by month. There were $38,879 of expenditures from September 2014 through July 2015 from the Everbank accounts. These expenditures appear to be related to Kenneth Kremsky.

## MDD Analysis to Date – Condos

We were provided with condo deeds that plaintiff's counsel obtained from Atlantic City County Clerk's Office. In addition, there are deeds that Dr. Kremsky alleges were faxed to him from Kenneth Kremsky[5]. The deeds that were faxed by Kenneth Kremsky appear to have been altered. The alterations changed the name of the owner by adding Stanton Kremsky. In addition, the purchase price was increased.

Based on the two sets of deeds, it is apparent that Kenneth Kremsky was charging Dr. Kremsky more for the real estate than he actually paid.[6] See the chart below detailing the two sets of deeds that MDD has reviewed for the three condos.

---

[5] Kenneth Kremsky testified that he did not send the fax that includes the altered deeds. Kenneth Kremsky deposition page 161.
[6] Kenneth Kremsky testified that he later added Stan Kremsky to the deeds when the LLC HG Kremsky Real Estate was set up. Kenneth Kremsky deposition page 160.



| Atlantic County, NJ Deeds | | | | Faxed Deeds | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Buyer | Lot # / Qualifier | Amount | Date | Buyer | Lot # / Qualifier | Amount | Difference |
| 4/19/2012 | Kenneth Kremsky | C0108 | $ 52,000 | 4/19/2012 | Kenneth & Stanton Kremsky | C010118 | $ 52,000 | - |
| 10/29/2014 | Kenneth Kremsky | C213 | 38,000 | 10/29/2013 | Kenneth & Stanton Kremsky | C0213 | 58,000 | (20,000) |
| 3/31/2015 | Kenneth Kremsky | C0618 | 39,900 | 3/31/2015 | Kenneth & Stanton Kremsky | C0618 | 56,000 | (16,100) |

In addition to overstating the price of the condos (based on the fax), Kenneth Kremsky also took out a mortgage on one condo that was initially paid for in cash, condo unit B123. Based on our review of the records to date, it appears that the mortgage may be with Sun National Bank. We cannot find any corresponding deposit(s) in the bank accounts where the mortgage proceeds were put back into the bank.

According to Kenneth Kremsky, Dr. Kremsky did not receive any of the rental income from the condos[7]. Therefore, Kenneth Kremsky was the beneficiary of the rents. Based on the information provided to date, we are unable to determine if Kenneth Kremsky profited from the rental income because he has not provided any of the condos profit and loss statements nor has he supported any of the expenditures for repairs of the condos. This would be supported by Kenneth Kremsky's Schedule E from his Federal Tax Returns.

### Dr. Kremsky's Assets

As shown on Schedule 12, we have attempted to account for all of Dr. Kremsky's bank accounts and other assets. At this time, the data is incomplete. But, based on our preliminary information, it appears that there is a steep decline in assets in the 4th quarter of 2014 and during 2015. The decline in assets occurs during the same time period as the Everbank increased withdraws which was discussed previously in this report.

### MDD Analysis to date – Motive

The Association of Certified Fraud Examiners (ACFE) discuss what is known as "The Fraud Triangle"[8]. The triangle includes three main factors; Opportunity, Rationalization, and Pressure. Typically, when assets are misappropriated, one or more components of the fraud triangle are present. These factors assist in establishing motive.

Kenneth Kremsky had signature authority and online access to Dr. Kremsky's accounts. This would represent the opportunity. Based on limited records provided, there may have been pressure on Kenneth Kremsky to obtain cash because of financial obligations or other factors. At this time, MDD cannot comment on Kenneth Kremsky's rationalization.

As discussed, the records provided to date are not sufficient for MDD to provide a complete analysis regarding Kenneth Kremsky's means or motive (The Fraud Triangle). But, there are two interesting points that should be considered in the motive (pressure) analysis.

---

[7] Kenneth Kremsky testified that Dr. Kremsky did not receive any of the rental income. Kenneth Kremsky deposition page 129.
[8] http://www.acfe.com/fraud-triangle.aspx



Kenneth Kremsky took out a line of credit against his home which had significant equity. The line of credit was maxed out quickly after it was obtained. The amortization statements demonstrate that minimum payments are made to basically cover the interest. The second is the fact that Kenneth Kremsky mortgaged the condos that were originally paid for in cash.

Maxing out credit lines and getting mortgages for real estate that was originally paid for in cash suggests that Kenneth Kremsky has a significant need for cash for a currently unknown reason.

### Reservation of Right to Amend

As discussed previously in this report, there are certain documents that have not been provided by Kenneth Kremsky. MDD is therefore unable to fully confirm the use of the funds that are allegedly misappropriated. If additional documentation is provided, MDD reserves the right to update our calculations.

### General

Should you require any additional information, please contact Mr. Brad R. Ryden of this office.

Respectfully,

*Matson Driscoll & Damico*

Matson, Driscoll & Damico

