**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STANTON S. KREMSKY, | : CIVIL CASE NO. 16-cv-04474 |
| Plaintiff, | : |
| v. | : |
| KENNETH F. KREMSKY, | : |
| Defendant. | : |

# ORDER

And now, this ___ day of February, 2017, upon consideration of Defendant's Motion *in Limine* to Preclude Plaintiff's Expert from Offering Evidence at Trial (ECF No. 38), and Plaintiff's response thereto, it is hereby ORDERED and DECREED:

Defendant's motion is DENIED.

**J.S.C.**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANTON S. KREMSKY, | : | CIVIL CASE NO. 16-cv-04474 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH F. KREMSKY, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S EXPERT FROM OFFERING EVIDENCE AT TRIAL**

I. INTRODUCTION

Defendant's Motion *in Limine* to Preclude Plaintiff's Expert From Offering Evidence at Trial, dated January 26, 2017 (ECF 38) (hereinafter, the "Motion") is based upon a constrained reading of Plaintiff's expert report, rather than the substance of the report as a whole. Moreover, Plaintiff has since filed a supplemental report from his forensic accounting expert which renders a number of Defendant's arguments moot. As such, Defendant's Motion should be denied.

II. HISTORY

A. 12.7.16 Motion To Extend Discovery

On December 7, 2016, Plaintiff filed a Motion to Extend Discovery (ECF No. 22). Attached thereto was an affidavit of Plaintiff's expert witness, forensic accountant Brad Ryden of Matson, Driscoll & Damico, explaining that he required additional data to

complete his report.  Mr. Ryden's *curriculum vitae,* with a listing of prior testimony, is attached to his affidavit.  (ECF No. 22-1.)

B. Plaintiff's Expert Report, dated December 30, 2016 (hereinafter the "December Report")

Because Plaintiff had already filed the *c.v.* of his expert with this Court[1], Plaintiff did not forward an additional copy of the *c.v.* to Defense Counsel on December 30, 2016, when the December Report was sent to Defendant.[2]  At the time of said report, discovery was not complete and Mr. Ryden noted that a number of items were still under review.  Significantly, the following data was not available for Mr. Ryden at the time of the December Report:

1) Kenneth Kremsky Schedule E (Seashore Unit A118)[3] (multiple years);
2) Kenneth Kremsky Schedule E (Warwick Unit 618) (multiple years);
3) Defendant's Bank of America Account ending with account # 2013;
4) Cancelled checks from the parties' joint Ironbeam account ending with account # 7999;
5) Defendant's JP Morgan Chase ending with account #2317;
6) Defendant's Everbank ending with account #7420;
7) Defendant's TD Bank ending with account #1082;
8) Defendant's TD Bank ending with account #6829;
9) Defendant's Bank of America ending with account #5587;
10) Defendant's Bank of America ending with account #0210;
11) Defendant's Citizen's Bank ending with account #1024;
12) Defendant's Citizen's Bank ending with account #5341; and
13) Defendant's Citizen's Bank ending with account #9587.

C. Relevant Procedural Background

The parties have collected and/or exchanged over 8,000 pages of documents since the onset of discovery, which was early October 2016.  The Defendant's Answer to the Complaint was not filed until October 4, 2016 (ECF No. 11).

---

[1] The Court electronically copied Defense Counsel, thereby providing Mr. Ryden's *c.v.*
[2] Defendant attaches the nine (9) page December 30, 2016 report from Mr. Ryden as Exhibit A to said Motion, without attaching the nearly 100 pages of schedules also prepared by Mr. Ryden and his firm that are incorporated within his report.
[3] As previously defined in Plaintiff's Opposition to Defendant's Motion to Strike *Lis Pendens*.  (ECF No. 40.)

The scheduling Order of October 5, 2016 required Plaintiff's expert witness disclosure by November 23, 2016, set the discovery end date for December 16, 2016 and scheduled trial for March 6, 2017. (ECF No. 14). Upon motion (ECF No. 22), the fact and expert discovery deadline was extended to January 16, 2017, and summary judgment and *Daubert* deadlines were extended to February 1, 2017 (originally January 4, 2017). (*See* Order, dated December 9, 2016, ECF No. 23.) On consent, the parties were permitted extend discovery deadlines without leave of Court, but no other deadlines. (ECF 23.) The parties did exchange emails regarding the extension of expert discovery, but there were no discussions about a supplemental report by Plaintiff's expert, Brad Ryden. *See*, email from Defense Counsel, dated January 11, 2017, regarding defendant's expert report, attached "Exhibit A". Given that Plaintiff was waiting for third-party entities' subpoena responses, it was a challenge to predict when Plaintiff's supplemental report would be ready.

As noted above, on December 7, 2016, Plaintiff disclosed the *c.v.* of his expert. On December 30, 2016, Plaintiff served the December Report, which stated that additional data was needed. Pursuing this missing data, Plaintiff sent several additional revised subpoenas on January 4, 2017, including subpoenas for Defendant's banking records. (These January subpoenas were, in part, subject of the Order, dated January 3, 2017 (ECF No. 31.))

In the weeks following the parties' appearance on January 3, 2017, Plaintiff received responses to his subpoenas. On January 23, 2017, Defendant sent Plaintiff his expert report ("Exhibit B"). By February 7, 2017, Plaintiff provided the supplemental report by Mr. Ryden. ("Exhibit C"). The additional data received from said subpoenas

significantly impacted Mr. Ryden's findings in several ways. For example, new data eliminated uncertainties by allowing Mr. Ryden to "identify specific checks that were written to Kenneth Kremsky, specific transfers to Kenneth Kremsky's bank accounts." There are no qualifiers such as "possible" or "apparent," and Mr. Ryden's conclusions are stated within a reasonable degree of certainty. Also, the "bottom line" of the Defendant's misappropriation went from $345,886 to over $750,000.

III. ARGUMENT

    A. Defendant's Argument that the December Report Fails to Satisfy the Reasonable Degree of Professional Certainty Is Based Upon a Narrow Reading, Rather than the Substance of the December Report

Defendant points to case law stating that "expert testimony must be stated with reasonable certainty." Peerless Dyeing Co., Inc. v. Indus. Risk Insurers, 573 A.2d 541, 547 (Pa.Super. 1990), and argues that Mr. Ryden's finding based on "apparent" and "possible" findings are therefore insufficient. Defendant's Motion focuses on various statements extrapolated from said expert report, rather than addressing the substance of the report.

Courts must not allow the rule that an expert opinion be given to a reasonable degree of certainty become a "semantic trap and the failure to voice it is not used as a basis for exclusion without analysis of the testimony itself." Holbrook v. Lykes Bros. S.S. Co., Inc., 80 F.3d 777, 785 (3rd Cir. 1995). Pennsylvania Courts have held that an "expert need not testify with absolute certainty or rule out all possible causes of a condition." *See* Kravinsky v. Glover, 263 Pa.Super. 8, 21 (1979) *citing* Bialek v. Pittsburgh Brewing Co., 430 Pa. 176 (1968). Expert testimony is admissible when, taken in its entirety, it expresses reasonable certainty that the accident was a substantial factor

in bringing about the injury.  Peerless Dyeing Co., Inc. 573 A.2d 541, 547 (Pa.Super. 1990). *See also* Kravinsky, 263 Pa.Super. at 22.  Also, an expert need not use specific language in a report or testimony.  Kravinsky, 263 Pa.Super. at 22. "That an expert may, at some point during his testimony, qualify his assertion does not necessarily render his opinion inadmissibly speculative." Woods v. Pleasant Hills Motor Co., 454 Pa. 224 (1973).  Pennsylvania Courts have allowed experts to opine that a condition was "the most probable cause" of damage.  Argust v. Dick Mackey General Contracting Co., Inc., 390 Pa.Super. 183, 189. (1990). An expert's assumptions must be based upon such facts as the jury would be warranted in finding from the evidence.  Helpin v. Trustees of Univ. of Penn., 969 A2d 601, 617 (Pa.Super. 2009), *citing* Viener v. Jacobs, 834 A.2d 546, 558 (Pa. Super. 2003).

Read as a whole, the December Report satisfies Pennsylvania law because in its entirety, it expresses with reasonable certainty that Defendant's actions were a substantial factor in bringing about the Plaintiff's loss.  Here, Mr. Ryden outlines the data he had reviewed, data in his possession which was under review, and additional data he needed. An unqualified opinion was not possible based on the data available[4], and the steps that Defendant took to obfuscate his deception from the Plaintiff.  The December Report relies upon information available at that time, including Defendant's testimony that he could not account for his acts, and account statements showing transfers of funds among multiple accounts, and large amounts of withdrawals.  In fact, Defendant's own expert, who had direct access to Defendant was unable to account for a significant amounts of

---

[4] Keep in mind that Defendant objected to Plaintiff's request for banking data, claiming it was not relevant. Ultimately, the banking data obtained via subpoena showed Plaintiff's money being deposited into Defendant's bank accounts.  Clearly this data was relevant.

funds. (The expert report of Defendant's accounting, John Maloney, is attached as Exhibit B).

In addition to the forgoing regarding the December Report, it should also be noted that by the time Mr. Ryden completed the February Report, he had sufficient data so that his opinions are no longer qualified with words such as "apparent" or "possible." The February Report also states the conclusions are stated within a reasonable degree of accounting certainty. This renders a number of Defendant's arguments in its Motion *in Limine* as moot.

B. <u>Defendant Does Not Dispute Mr. Ryden is Qualified</u>

Although the cases cited by Defendant in his Motion involve an expert who was excluded because he lacked the proper qualifications, here, Defendant does not make that argument about Mr. Ryden. Here, Mr. Ryden's training and experience clearly render him qualified to review, analyze and opine upon the multiple financial statements needed to track the flow of funds from Plaintiff's pocket to Defendant's.

C. <u>Defendant's Argument that the December Report Is Unreliable under F.R.E. 702 and Daubert Is Conclusory</u>

<u>Daubert</u> and the Rules of Evidence provide that an expert opinion is admissible if (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. F.R.E. 702; <u>Calhoun v. Yamaha Motor Corp., U.S.A.</u>, 350 F.3d 316, 320 (3rd Cir. 2003). Not only must the Court review the principles and methods used by an expert, but also whether those principles and methods have been properly applied. <u>In re Paoli R.R. Yard Litig.</u>, 35 F.3d 717, 745 (3rd Cir. 1994). A party does not have to demonstrate that their expert is correct, only that their opinions are

reliable. *See* <u>Wolfe v. McNeil-PPC, Inc.</u>, 07-cv-348, 2011 WL 1673805 (E.D.Pa., May 4, 2011).

The portion of Defendant's motion which claims Plaintiff's expert report fails to satisfy F.R.E. 702 and <u>Daubert</u> is conclusory. The Motion *in Limine* fails to explain how Mr. Ryden's opinion is not based on facts of the record, and did not explain how Mr. Ryden's opinions are not based on reliable principles. Defendant's Motion simply points to Mr. Ryden's use of "apparent" and "possible" in the December Report.

Therefore, Defendant does not truly explain a basis for precluding Mr. Ryden's testimony under F.R.E. 702 and <u>Daubert</u>. Indeed that would be a difficult argument to make because it would require taking the position that reviewing financial data and tracking the money is not a method typically accepted and used by forensic accountants. Defendant cites no case law to support that accountants perform their job in some other manner or method, and it is doubtful any such case exists. Here, Mr. Ryden's report provides sufficient grounds to support the methodology and facts upon which the opinion is provided. The report makes it clear that Mr. Ryden reviewed the record, tracked transfers, checks and purchases related to Defendant. Also based upon the record, Mr. Ryden analyzed withdraws, credit card and ACH expenditures. Mr. Ryden also discusses the "fraud triangle," cites authority for the fraud triangle, and proceeds to engage in that very analysis. Indeed, it hard to fathom what other methodology an accountant should utilize.

D. <u>Defendant had Mr. Ryden's *c.v.*</u>

As stated above, Mr. Ryden's *c.v.* was disclosed December 7, 2016, so Defendant's argument that the *c.v.* was not provided is factually inaccurate. Even, assuming *arguendo*, that Plaintiff had mistakenly failed to provide the resume, then

courts have held that questions of an expert's qualification of an opinion goes to the weight of an opinion, not to admissibility. Catlin v. Hamburg, 56 A.3d 914, 921 (Pa.Super. 2012).

> E. Mr. Ryden's February 2017 Report And Related Testimony Should Be Permitted Because Preclusion is an Extreme Sanction

Because Defendant is not prejudiced by Mr. Ryden's February Report, the report and related testimony should be permitted at trial. "The exclusion of critical evidence is an "extreme" sanction. . . not normally to be imposed absent a showing of willful deception or "flagrant disregard" of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Assn., 559 F.2d 894, 904–05 (3d Cir. 1977) *overruled on other grounds,* Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir.1985), *citing* Dudley v South Jersey Metal Inc., 555 F.2d 96 (3rd Cir. 1997). The Third Circuit has repeatedly confirmed its "preference that cases be disposed of on the merits whenever practicable," over conclusion via a sanction for a technical violation. Hritz v Woma Corp, 732 F.2d 1178 (3rd Cir. 1984) (*discussing default judgment*). Here, balancing the foregoing, the outcome weighs against exclusion of Mr. Ryden's testimony because Defendant was not surprised. In December, Defendant knew Mr. Ryden's name, had Mr. Ryden's *c.v.* and had his December expert report. It respectfully submitted that the extreme sanction of preclusion is not warranted under the foregoing circumstances.

This Court has stated the following regarding objections based upon the scope of an expert's report:

> Testimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony may be reversible error.... An expert may testify beyond the scope of his report absent surprise or bad faith." . . .Courts within this district have also noted that there is no local custom, practice or rule which would limit an expert's testimony to the strict confines of his report.

Bowersfield v. Suzuki Motor Corp., 151 F. Supp. 2d 625, 631 (E.D. Pa. 2001) (internal quotations omitted).

Mr. Ryden's December Report outlined the accounts reviewed as of that date, and contained a number of different schedules of said accounts. The December report also contained a summary of the materials which would be discussed in his supplemental report. Plaintiff acted in good faith to give Defendant as complete notice as possible, and Defendant was not surprised by Mr. Ryden's supplemental February Report, which contained the updated information received during the course of remaining discovery.

F. Mr. Ryden's February 2017 Report and Related Testimony Should Be Permitted under *Meyers v Pennypack Woods Home Ownership Assn*.

Mr. Ryden's February Report should be permitted under the five-part test applicable to this issue. The standard applicable to belatedly submitted expert reports was explained by this Court thusly:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

Meyers, 559 F.2d at 904–05. "The importance of the excluded testimony" was also considered by the Meyers Court, and is now cited as a fifth (5th) factor. Konstantopoulous v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir.1997); Cochran v Jackson, No. 14-cv-2165, 2015 WL 3555291, at *2 (E.D.Pa. June 8, 2015).

1. <u>Defendant is Not Prejudiced by Mr. Ryden's February Report</u>

Mr. Ryden's February Report was served twenty-two (22) days after the January 16, 2017[5] deadline, and nearly one (1) month[6] prior to trial. As such, Defendant has not been prejudiced by the production of said report. In <u>Cochran</u>, the Court engages in an in-depth analysis of case law, stating "we find it most helpful to view a finding of prejudice or surprise across a spectrum." <u>Id</u>. at *3. Notably, in <u>Cochran</u>, the shortest time frame between expert deadline and trial is five (5) months. <u>Id</u>, *citing* <u>In re Paoli R.R. Yard P.C.B. Litig</u>., 35 F.3d 717 (3d Cir. 1994). None of the cases involved a forty-nine (49) day period between expert deadlines and trial, as present here. In <u>Paoli</u>, which had five (5) months between the close of discovery and trial, a report submitted one month late, but four months prior to trial was permitted. <u>Id</u>. Here, it is respectfully submitted that the twenty-two day delay does not prejudice Defendant because there still remained nearly a month to trial.

In addition, Mr. Ryden's February Report is no "surprise." On December 7, 2016, Plaintiff disclosed Mr. Ryden's *c.v.* and filed an affidavit by Mr. Ryden that more time and discovery was needed. (ECF No. 22). Mr. Ryden's December Report indicated that more data was "under review" and needed to complete his report. On January 3, 2017, the parties appeared in Court regarding additional subpoenas, after which Plaintiff served more subpoenas for Defendant's bank records and clearly the banks needed time to respond. Read as a whole, the record makes clear that Mr. Ryden's February Report was not so much an "if," but a "when."

---

[5] Unlike the October scheduling Order, the December Order did not contain a specific deadline for Plaintiff's expert disclosure. At the time Plaintiff filed his Motion to Extend Discovery, Plaintiff's expert disclosure deadline of November 23, 2016 had already passed, and Plaintiff's Motion annexed an affidavit of Mr. Ryden stating he needed more time and data to complete his report. (ECF No. 22).
[6] Technically, twenty-seven (27) days prior to trial.

2. <u>Assuming, Arguendo, Defendant is Prejudiced, Defendant Can Cure Such Prejudice</u>

In Cochran, the Court found that any prejudice could be cured by permitting the plaintiff therein to depose the defendant's expert prior to trial. Id. at *4. As Plaintiff stated above, here, Defendant has not suffered prejudice, so no cure is necessary. However, assuming, *arguendo* there is prejudice, then Plaintiff agrees to make Mr. Ryden available for deposition prior to trial.[7]

3. <u>The Rule Against Calling Unlisted Witnesses Was not Waived</u>

"The third element examines the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of this case." Id. (internal citations omitted). Here, permitting Mr. Ryden to testify regarding his February Report's contents does not violate the rule against calling unlisted witnesses. F.R.C.P. 26(a)(2)(A) requires disclosure of the identity of any witness a party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. F.R.C.P. 26(a)(2)(D): requires such disclosures be made at least 90 days before the date set for trial, absent court order[8] or stipulation. F.R.C.P 26(a)(3)(A)(i), Pretrial Disclosures, requires the prompt filing and disclosure of expert contact information. F.R.C.P. 26(a)(3)(B) requires such disclosure at least 30 days prior to trial. Here, Plaintiff disclosed Mr. Ryden as an expert December 7, 2016. The trial is scheduled for March 6, 2017. Therefore, Plaintiff disclosed Mr. Ryden as an expert ninety-two (92) days prior to trial, in compliance with the foregoing rules.

.

---

[7] Defendant never requested Mr. Ryden's deposition after the production of the December report.
[8] As noted above, unlike the October scheduling Order, the December Order did not contain a specific deadline for Plaintiff's expert disclosure. At the time Plaintiff filed his Motion to Extend Discovery, Plaintiff's expert disclosure deadline of November 23, 2016 had already passed, and Plaintiff's Motion annexed an affidavit of Mr. Ryden stating he needed more time and data to complete his report. (ECF No. 22).

4. The Belatedness of Mr. Ryden's February Report is the Result of Time Needed to Receive and Review Subpoena Responses, Not Bad Faith

As stated above, Plaintiff and his expert have not concealed that they needed more time and data. This state of affairs has been part of the record since December 7, 2016. (ECF No. 22.) Less than a month later, the parties were in Court in a dispute regarding non-party subpoenas, after which Plaintiff served several additional subpoenas. The banks needed time to respond, and Mr. Ryden needed time to review the documents produced.

5. Mr. Ryden's February Report is Crucial to Plaintiff's Case In Chief

At the time of the December Report, Mr. Ryden did not have access to statements to Defendant's accounts. Since then, Mr. Ryden has been granted limited access, and therefore has been able to "follow the money" from Plaintiff's accounts ultimately ending up in Defendant's account. It is beyond peradventure that in this complex fraud case, this is a crucial development.

IV. CONCLUSION

It is respectfully submitted that Defendant's Motion *in Limine* should be denied, and such other relief as the Court deems just.

                                                  **BRIGGS LAW OFFICE, LLC**

Dated: February 13, 2017

                                      BY:_____NWB3521_____
                                        **NORMAN W. BRIGGS, ESQUIRE**
                                        **ADRIENNE CHAPMAN, ESQUIRE**
                                        Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANTON S. KREMSKY, | : CIVIL CASE NO. 16-cv-04474 |
| Plaintiff, | : |
| v. | : |
| KENNETH F. KREMSKY, | : |
| Defendant. | : |

Pursuant to E.D.Pa. Local Rule 7.1 (d), the undersigned, of full age, do hereby certify that: I am the principal of Briggs Law Office, LLC, attorneys for Plaintiff in this matter, and on the date set forth below, the foregoing Opposition to Defendant's Motion *in Limine* was electronically submitted for filing with the Clerk of Court delivered via the CM/ECF system which will automatically send email notification to the following attorneys of record:

John McShea, Esq.
Ralph Kelly, Esq.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA 19102

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: February 13, 2017          BY:_____NWB3521_____
**NORMAN W. BRIGGS, ESQUIRE**
**ADRIENNE CHAPMAN, ESQUIRE**
Attorneys for Plaintiff